## WM. A. ROGERS, LIMITED, v. INTERNATIONAL SILVER COMPANY. (3)

---

TRADEMARKS; SIMILARITY.

1. A mark consisting of the word "Rogers" preceded by a wreath inclosing

the letter "R," and followed by the same combination with the numerals "1881," and applied to silverware, is deceptively similar to a mark previously used by another, consisting of the word "Rogers" preceded and followed by an anchor, and applied to a similar class of goods, and is therefore not entitled to registration as a trademark, although both parties are entitled to use the word "Rogers." (Mr. Chief Justice Shepard *dissenting.*)

**2.** Where the reason of one of the parties to a trademark interference proceeding for adopting the mark claimed to be deceptively similar to the mark of the other party is not above suspicion, that fact should be given weight, if a doubt exists.    Mr. Chief Justice Shepard *dissenting.*    (Following *American Stove Co.* v. *Detroit Stove Works,* 31 App. D. C. 304; *Walter Baker & Co.* v. *Harrison,* 32 App. D. C. 272; *Wayne County Preserving Co.* v. *Burt Olney Canning Co.* 32 App D. C. 279, and *Phœnix Paint & Varnish Co.* v. *John T Lewis & Bros. Co.* 32 App. D. C. 285.)

No. 586.    Patent Appeals.    Submitted January 11, 1910.    Decided March 1, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Charles H. Duell, Mr. Frederic P. Warfield,* and *Mr. Holland S. Duell* for the appellant.

*Mr. John P. Bartlett* and *Mr. George H. Mitchell* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This case is between the same parties as case No. 585 [ante, 410].   The mark of appellant, Wm. A. Rogers, Limited, here involved, is "Rogers" preceded by a wreath inclosing the letter "R," and followed by the same combination with the numeral "1881."   When this mark was adopted by appellant, appellee, the

International Silver Company, had long used the mark "Rogers" preceded and followed by an anchor, and this appellant knew. Appellant has failed to convince us that these marks are not deceptively similar. As applied to silverware they are greatly reduced in size. In view of this fact the ordinary observer would not be likely to notice the difference between the anchors of appellee and the wreaths of appellant. It is true that appellant's mark contains, in addition, the numeral "1881," but its position is such that no significance will be likely to be attached to it even if it is noticed. Appellant's reason for adopting this mark, as disclosed by the testimony, is not above suspicion. This fact should be given weight where a doubt exists. *American Stove Co.* v. *Detroit Stove Works,* 31 App. D. C. 304; *Walter Baker & Co.* v. *Harrison,* 32 App. D. C. 272; *Wayne County Preserving Co.* v. *Burt-Olney Canning Co.* 32 App. D. C. 279; *Phœnix Paint & Varnish Co.* v. *John T. Lewis & Bros. Co.* 32 App. D. C. 285. Had these wreaths been above and below "Rogers," instead of before and after it, the case would have been different. In other words, appellant has given the same position to the wreaths of its mark that appellee has given to its anchors, without adding anything likely to direct attention to the difference in the marks. There was no necessity for such close simulation of appellee's mark, and such a practice ought not to be encouraged. Both parties, as stated in case No. 585, are entitled to the use of the word "Rogers," but we do not think any undue burden is imposed upon appellant when it is required to adopt accessories sufficiently unlike those previously adopted and in use by appellee to enable the public to distinguish between the marks. Such a requirement is all the more essential where a common word, inherently calculated to lead to confusion, is employed.

The decision is therefore affirmed, and the clerk will certify this opinion, as by law required.                    *Affirmed.*

Mr. Chief Justice SHEPARD, dissenting:

I am compelled to withhold my assent to the judgment ordered in this case. I regard the conclusion as inconsistent

with that in the recent case No. 585 [ante, 410], between the same parties, in which it was decided that the rival marks are not deceptively similar. The dissimilarity of the two marks consists in the symbols that precede and follow the word "Rogers,"—a word which each party has the right to use. When exhibited in any ordinary size, the wreath, with "R" inclosed, of one party, is quite different from the anchor of the other. When exhibited on small articles of silverware, the confusion results from the difficulty of distinguishing either symbol. It requires keen eyesight to tell that one is an anchor, and the other a wreath with "R" in it. The same confusion would result from the use of many other wholly different symbols. When used in proportionally larger size upon larger pieces of silverware, the confusion disappears.

Similarity is to be tested by actual resemblance of the distinctive features of marks, and not by indistinctness of each, caused by reduction of size in a particular application.

If, as a fact, one may have adopted the mark for use on small articles to obtain the trade of the other, it may be a matter available in a suit for unfair competition, but not in this proceeding.

A rehearing, applied for by the appellant, was denied May 20, 1910, Mr. Chief Justice Shepard dissenting.